ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| MARÍA M. SANTIAGO ROSA<br><br>APELANTE<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE AGUADILLA, MULTINATIONAL INSURANCE CO.; COMPAÑÍA DE SEGUROS ABC; ASEGURADORA DEF<br><br>APELADO | KLAN202400325 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm. AG2023CV01111<br><br>Sobre:<br>Daños y perjuicios Responsabilidad civil Extracontractual |

Panel integrado por su presidenta, la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA EN RECONSIDERACIÓN**

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece la señora María M. Santiago Rosa (Sra. Santiago Rosa; apelante) mediante un recurso de apelación y nos solicita la revisión y revocación de la *Sentencia Sumaria Parcial* dictada el 4 de marzo de 2024 y notificada ese mismo día por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante este dictamen, el TPI declaró Ha Lugar la solicitud de sentencia sumaria presentada por el Municipio de Aguadilla (Municipio; apelado) y desestimó la acción presentada por la apelante en cuanto a este.

Por los fundamentos que expondremos a continuación, se confirma la decisión apelada.

**I**

La Sra. Santiago Rosa acudió al TPI el 14 de julio de 2023 mediante una *Demanda* donde hizo alegaciones de daños sufridos como resultado de una caída que tuvo frente a su residencia el 22 de julio de 2022.[1] Luego de algunos trámites procesales la parte codemandada Multinational

---
[1] Apéndice del recurso, págs. 49-52.

Insurance Company, presentó su *Contestación a Demanda* el 10 de octubre de 2023.[2] Este mismo día el Municipio compareció ante el TPI mediante una *Moción de Sentencia Sumaria* donde solicitó al tribunal que dictara sentencia sumariamente y desestimara la causa de acción de la apelante por su incumplimiento con la notificación requerida por el Artículo 1.051 del Código Municipal de Puerto Rico.[3] El Municipio fundamentó este argumento en que la única notificación que tenían en récord fue una con fecha del 19 de diciembre de 2022, enviada el 20 de diciembre de 2022 según el ponche en el recibo del envío por correo certificado.[4] Al tomar en cuenta que los daños sufridos ocurrieron el 22 de julio de 2022, esto significaba que **la parte perjudicada tenía hasta el 20 de octubre de 2022 para notificar al Municipio de su intención de entablar una demanda dentro del término de cumplimiento estricto dispuesto en el Código Municipal**.[5] Por tal motivo, el Municipio reiteró que la única correspondencia recibida contaba con la fecha de diciembre del año 2022, por lo que se trataba de una notificación fuera de término.[6]

La Sra. Santiago Rosa sometió su oposición a dicha solicitud el 16 de noviembre de 2023[7] en la cual alegó que el daño sufrido por la Sra. Santiago Rosa se trataba de uno continuado y que bajo este supuesto el término para emitir dicha notificación se calculaba a la par con lo pautado por la teoría cognoscitiva del daño. Por tal motivo, argumentó que los noventa (90) días de término para notificar al Municipio no habían comenzado a transcurrir hasta después del 7 de diciembre de 2022 porque la Sra. Santiago Rosa aún estaba recibiendo tratamiento terapéutico por el daño sufrido.[8] Alegó, que tampoco había comenzado a discurrir el término para el 22 de marzo de 2023 porque la apelante no tenía conocimiento de quién le respondía por los daños sufridos al no saber si la calle donde

---

[2] Apéndice del recurso, págs. 43-48.
[3] Apéndice del recurso, págs. 30-38.
[4] Apéndice del recurso, págs. 27-28.
[5] Apéndice del recurso, pág. 35.
[6] *Id.*
[7] Apéndice del recurso, págs. 17-23.
[8] Apéndice del recurso, pág. 22.

ocurrió la caída era una vía pública municipal.[9] El Municipio contestó la mencionada oposición mediante la presentación de su réplica el 6 de diciembre de 2023[10] donde esencialmente reforzó los argumentos inicialmente expuestos en su solicitud de sentencia sumaria.

Una vez fueron presentados estos escritos y realizados otros trámites procesales, el TPI emitió una *Sentencia Sumaria Parcial* el 4 de marzo de 2024 en la cual determinó que no había controversia genuina sobre los hechos materiales del caso por lo cual declaró Ha Lugar la solicitud de sentencia sumaria. Al respecto, expuso en su dictamen lo siguiente:

> [C]onforme al Artículo 1.501 del Código Municipal y el derecho aplicable antes discutido, la parte demandante tenía hasta el 20 de octubre de 2022 para notificar al Municipio de su intención de demandar. La parte demandada ha aceptado que no envió notificación alguna en o antes del 20 de octubre de 2022. Por tanto, debemos determinar si, bajo las circunstancias de este caso, medió la justa causa que exige la ley para eximir a la parte demandante del requisito de notificación. Los fundamentos presentados por la parte demandante en su Oposición no nos convencen y no son suficientes para controvertir los hechos presentados mediante la solicitud de sentencia sumaria. En fin, este Tribunal concluye que no se satisfacen las exigencias del Código Municipal de Puerto Rico, *supra*, y de su jurisprudencia interpretativa.[11]

El foro sentenciador, ordenó el archivo con perjuicio de la demanda en cuanto al Municipio sin especial imposición de costas, gastos ni honorarios de abogado. Dicho dictamen se emitió bajo lo dispuesto en la Regla 42.3 de Procedimiento Civil.[12] Inconforme con la decisión del TPI, la apelante recurrió ante nosotros, mediante el recurso de epígrafe donde expone que el foro primario cometió el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER QUE EL MUNICIPIO DE AGUADILLA NO RESPONDE POR LOS DAÑOS RECLAMADOS POR LA DEMANDANTE EN EL CASO DE EPÍGRAFE, POR ESTA NO CUMPLIR CON LA NOTIFICACIÓN SOBRE INTENCIÓN DE PRESENTAR UNA DEMANDA DENTRO DEL TÉRMINO DE NOVENTA (90) DÍAS SIGUIENTES A LA FECHA EN QUE LA RECLAMANTE TUVO CONOCIMIENTO DE LOS DAÑOS RECLAMADOS.

---

[9] Apéndice del recurso, pág. 23.
[10] Apéndice del recurso, págs. 10-16.
[11] Apéndice del recurso, pág. 7.
[12] 32 LPRA Ap. V, R. 42.3.

El 23 de abril de 2024, el Municipio compareció ante este tribunal intermedio mediante la presentación de su *Alegato en Oposición.* El 29 de abril de 2024 emitimos una *Sentencia* la cual fue dejada sin efecto luego de declarar Ha Lugar una *Moción de Reconsideración* presentada por la apelante el 14 de mayo de 2024. Ante lo mencionado, nos hallamos en posición de resolver.

## II

### A. Daños continuados

En lo atinente a las alegaciones en el caso de autos, la doctrina describe los daños continuados como sigue:

> **Aquellos producidos por uno o más actos culposos o negligentes imputables al actor, coetáneos o no, que resultan en consecuencias lesivas ininterrumpidas**, sostenidas, duraderas sin interrupción, **unidas entre sí**, las cuales al ser conocidas hacen que también se conozca –**por ser previsible**– el carácter continuado e ininterrumpido de sus efectos, convirtiéndose en ese momento en un daño cierto compuesto por elementos de daño actual (aquel que ya ha acaecido), y de daño futuro previsible y por tanto cierto. H. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Publicaciones JTS, 1986, V. II, pág. 648. (Énfasis nuestro.)

Así, el daño continuado se caracteriza por: (1) **nacer de uno o varios actos culposos o negligentes que son imputables al mismo actor o actores**; (2) **manifestarse ininterrumpidamente**; y (3) **en conjunto, conformar un proceso perjudicial progresivo de carácter unitario**. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 665-666 (2017). Al derivarse de un acto culposo unitario e ininterrumpido, se puede prever su continuidad. *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 222 (2019). En *Rivera Ruiz et al. v. Mun. de Ponce et al.,* 196 DPR 410 (2016), nuestro Alto Foro enunció que, en este escenario**, lo que en realidad es continuo es el acto u omisión que produce el daño** y no, necesariamente, la lesión sufrida. *Id.*, pág. 417. Es decir, **se debe observar la conducta del actor que produce el daño por acción u omisión**, no el efecto acumulativo. Véase *Cacho González et al. v. Santarrosa et al.*, *supra*, pág. 223.

En lo que compete, añadió nuestro Alto Foro lo siguiente:

Los casos de estorbos, violencia doméstica y ambiente hostil en el empleo tienen particularidades que nos convencieron de la necesidad de darles un trato distinto. Por un lado, en los casos de estorbos, o casos similares, hay actos u omisiones que se mantienen constantes, y el problema no se puede resolver sin la intervención activa de la parte culposa o negligente. En los casos de violencia doméstica y ambiente hostil, también la parte negligente o culposa mantiene una condición de maltrato u hostilidad en el empleo que no cesa hasta que esa parte toma acciones positivas para remediarlas o hasta que la parte afectada rompe con el ciclo de maltrato o escapa del ambiente hostil. *Id*., pág. 227.

Nuestro Tribunal Supremo ha pautado que **el término prescriptivo de una reclamación por daños continuados comienza a transcurrir con el resultado definitivo o el último acto u omisión torticero**. *Cacho González et al. v. Santarrosa et al.*, *supra*, pág. 222. Esto es así, pues la conducta que produce el daño continuado configura "una sola causa de acción que incluye todas las consecuencias lesivas ocasionadas por los actos culposos o negligentes". *Id.*; *Rivera Ruiz et al. v. Mun. de Ponce et al., supra*, pág. 417.

### B. Teoría cognoscitiva del daño

Una de las fuentes de obligaciones de nuestro ordenamiento jurídico emana del Artículo 1536 del Código Civil de Puerto Rico, 31 LPRA sec. 10801. Dicho artículo establece una causa de acción al imponer responsabilidad a una persona que por culpa o negligencia cause daño a otra, de modo que, deberá reparar el daño causado. Ahora bien, con el fin de fomentar que acciones se lleven a cabo de forma diligente, una parte que ostente un reclamo debe ejercer su acción con prontitud. De tal forma, el Artículo 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 9496 establece lo siguiente:

Prescriben, salvo disposición diversa de la ley:

[P]or el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó[.]

En teoría, "[l]a prescripción es una institución que extingue un derecho por la inercia de una parte en ejercerlo durante un periodo de tiempo determinado". *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372-373 (2012). El propósito de los términos prescriptivos es "castigar la inercia y estimular el ejercicio rápido de las acciones". *Id.*, que cita a: *COSSEC et al. v. González López et al.*, 179 DPR 793, 805 (2010); *Campos v. Cía. Fom. Ind.*, 153 DPR 137, 143 (2001). Es por lo anterior que, las acciones por daños y perjuicios poseen una vida limitada y se extinguen una vez ha transcurrido el plazo estatuido, a menos que se interrumpan eficazmente. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*, pág. 374.

Ahora bien, en cuanto a la fecha en que comenzará a contar el periodo de un año previamente establecido, el mismo Artículo 1204 del Código Civil establece que es "desde que la persona agraviada conoce la existencia del daño y quien lo causó". 31 LPRA sec. 9496. Esto es lo que se conoce como la teoría cognoscitiva del daño. De conformidad con esta norma, el término prescriptivo para entablar una acción por responsabilidad civil extracontractual comienza a contar cuando el reclamante conoció o debió conocer que sufrió un daño; quién se lo causó; y los elementos necesarios para poder ejercitar efectivamente su causa de acción. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*, pág. 374. No obstante, nuestro más alto foro ha expresado que "'si el desconocimiento se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción'". *Id.*, que cita a: *COSSEC et al. v. González López et al.*, *supra*, pág. 806.

### C. Código Municipal

La Ley 107 del 14 de agosto de 2020 conocida como Código Municipal de Puerto Rico establece en su Artículo 1.051 la manera de proceder en caso de tener una causa de acción sobre daños y perjuicios contra algún municipio, como sigue:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad,

ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.

(a) Forma de entrega y término para hacer la notificación. — **Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines. La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman.** Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.

(b) Requisito jurisdiccional. — **No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo.** No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.

(c) Salvedad. —Este Artículo no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo en el Código Civil de Puerto Rico. 21 LPRA sec. 7082 (Énfasis nuestro.)

**III**

En el señalamiento de error que la apelante trae ante nuestra consideración, esta señala que el TPI se equivocó en desestimar la causa de acción en cuanto al Municipio de Aguadilla por motivo de que no se realizó la notificación sobre intención de presentar una demanda dentro del

término fijado de noventa (90) días establecido por ley. De entrada, concluimos que a la Sra. Santiago Rosa no le asiste la razón.

En la discusión de dicho error, la apelante argumenta que el plazo para notificar al Municipio no comienza hasta tanto el perjudicado conozca del daño y pueda entablar una acción según lo pautado por la teoría cognoscitiva del daño. Además, plantea que el daño sufrido es uno continuado por lo que su término prescriptivo no comienza hasta que se produzca el resultado definitivo y este sea conocido. No obstante, a la hora de identificar un daño continuado es necesario determinar si este es unitario e ininterrumpido. El daño sufrido por la apelante fue el de una caída surgida el 22 de julio de 2022 y el tratamiento recibido como consecuencia de la caída no constituye un daño distinto, por lo que nos enfrentamos a un solo daño en lugar de daños continuados. Ello significa que el plazo prescriptivo, según la teoría cognoscitiva, es a partir de que este se conoce. Tal y como decidió el TPI, no existe controversia sobre cuándo ocurrió el daño y cuándo se conoció. Al respecto, reiteramos que no estamos ante daños continuados, lo que significa que el término prescriptivo de un (1) año para entablar su demanda fue a partir de ese momento y de manera simultánea comenzaron a discurrir los noventa (90) días para notificar al Municipio.

Una vez esto quedó establecido, el TPI centró su decisión más bien en determinar si medió justa causa para esta notificación tardía. No obstante, el término al cual nos enfrentamos es uno de caducidad. En nuestro ordenamiento, un término puede ser de prescripción o caducidad. La diferencia entre estos es que el término de prescripción admite su interrupción mientras que el de caducidad no lo permite, independientemente de si medió justa causa. De esta manera, un término de caducidad siempre extingue el derecho a la causa de acción con el mero transcurso del tiempo. *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 676 (2012).

En vista de lo anterior, es forzoso concluir que, en efecto, la Sra. Santiago Rosa presentó su notificación al Municipio fuera de los noventa (90) días y al no mediar alguna causa física o mental que le haya imposibilitado realizar dicha notificación no tiene disponible los (30) días adicionales que provee el Código Municipal. Tal y como establece la Ley, en casos donde no se cumpla con dicha notificación dentro del término de caducidad establecido, no cabe hablar de que una causa de acción válida puesto que el tribunal carecería de jurisdicción para atenderla y cualquier pronunciamiento a estos efectos sería nulo. Por lo tanto, el TPI no cometió el error señalado.

**IV**

Por los fundamentos que anteceden, se confirma la sentencia apelada.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones